```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 17-04008-JJT
Jesse L. Segraves                                                   Chapter 7
Noelle J. Lattimer
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-4          User: admin                 Page 1 of 1              Date Rcvd: Jan 19, 2018
                              Form ID: 318                Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 21, 2018.
```
db/jdb         +Jesse L. Segraves,    Noelle J. Lattimer,    216 Grover Road,    Canton, PA 17724-7400
4973023        +Chase,    P.O. Box 183205,    Columbus, OH 43218-3205
4973024        +Chase Corporation,    P.O. Box 24696,    Columbus, OH 43224-0696
4973026        +Guthrie,   One Guthrie Square,    Sayre, PA 18840-1699
4973027         Guthrie Medical Group, P.C.,    One Guthrie Square,    Sayre, PA 18840-1699
4973029        +PA Child Support Enforcement,    Bradford County Court House,    Box 294,
                 Towanda, PA 18848-0294
4973030        +PA Dept. of Revenue,    P.O. Box 280432,    Harrisburg, PA 17128-0432
4973032        +R R Resource Recovery LLC,    88 E. Tioga Ave.,    Corning, NY 14830-2858
4973031        +R R Resource Recovery LLC,    88 Tioga Avenue,    Suite 201,    Corning, NY 14830-2858
4973034        +Transworld Systems, Inc.,    P.O. Box 15095,    Wilmington, DE 19850-5095
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4973028         EDI: IRS.COM Jan 19 2018 19:13:00      Internal Revenue Service,    P.O.Box 249,
                 Memphis, TN 38101
4978756         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 19 2018 19:22:10
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
4973033         EDI: RMSC.COM Jan 19 2018 19:13:00      SYNCB/Care Credit,    P.O. Box 965036,
                 Orlando, FL 32896-5036
4973025         EDI: USBANKARS.COM Jan 19 2018 19:13:00      Elan Financial Services,    P.O. Box 108,
                 Saint Louis, MO 63166
                                                                                              TOTAL: 4

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 21, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 19, 2018 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              John P Neblett (Trustee)    jpn@neblettlaw.com,    pa06@ecfcbis.com
              Stephen J. Banik    on behalf of Debtor 1 Jesse L. Segraves sjbe@frontiernet.net
              Stephen J. Banik    on behalf of Debtor 2 Noelle J. Lattimer sjbe@frontiernet.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

| | | |
|---|---|---|
| Debtor 1 | **Jesse L. Segraves** | Social Security number or ITIN xxx–xx–5028 |
| | First Name   Middle Name   Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | **Noelle J. Lattimer** | Social Security number or ITIN xxx–xx–9182 |
| | First Name   Middle Name   Last Name | EIN __–_____ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **4:17–bk–04008–JJT**

# Order of Discharge            12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jesse L. Segraves                         Noelle J. Lattimer

**By the court:**   [signature]

January 19, 2018

Honorable John J. Thomas
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**